# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

WILLIAM J. THOMAS, :
:
        Plaintiff, :
:
v. :
: No. 5:18-cv-00054-MTT-CHW
GEORGIA DEPARTMENT :
OF CORRECTIONS, *et al.*, :
:
        Defendants. :
                                 :

## ORDER OF DISMISSAL

While he was an inmate in Augusta State Medical Prison in Grovetown, Georgia, Plaintiff William J. Thomas filed a civil rights action seeking damages under 42 U.S.C. § 1983. Compl., ECF No. 1. Thereafter, Plaintiff paid the Court's $400.00 filing fee, and the United States Magistrate Judge conducted a preliminary review of Plaintiff's complaint. Order to Recast Compl., ECF No. 9. Finding that Plaintiff's complaint, as drafted, did not state a claim for relief, the Magistrate Judge directed Plaintiff to recast his complaint to include additional details. *Id.* Plaintiff has now filed an amended complaint, which is ripe for preliminary review. Am. Compl., ECF No. 11.

### I. Preliminary Pleading Requirements

This Court has conducted a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), which requires the screening of prisoner cases.[1] When performing

---

[1] Although Plaintiff has now been released from prison, his complaint is still subject to this preliminary review because he was incarcerated when he filed the complaint.

this review, the district court accepts all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or

2

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     **Plaintiff's Amended Complaint**[2]

In his amended complaint, Plaintiff asserts that, on October 28, 2016, he begin noticing pain in his back. *Id.* at 2. While at his job the next day, Plaintiff told his supervisor that he was experiencing back pain. *Id.* Although Plaintiff initially attempted to keep working, his supervisor later permitted him to leave work early because of the pain. *Id.* At that point, Plaintiff went back to the Macon Transitional Center, where he was housed at the time, and told the sergeant on duty that he needed to go to the hospital. *Id.* After a few hours, Plaintiff was taken to Coliseum Medical Center. *Id.*

At Coliseum, Plaintiff was seen by a doctor who gave Plaintiff two shots for his pain, wrote Plaintiff several prescriptions, and told Plaintiff to return to the emergency room if there was any significant change in his condition. *Id.* at 3. Plaintiff went back to the Macon Transitional Center, and when he woke up the next morning, the back pain was gone. *Id.* By October 30, 2016, however, Plaintiff's back pain had returned, even though

---

[2]In the order directing Plaintiff to recast his complaint, Plaintiff was informed that the recast complaint would take the place of the original complaint. Order to Recast Compl. 5, ECF No. 6. Thus, only the amended complaint is considered in this order.

3

Plaintiff had been taking his medication as prescribed. *Id.*

Thereafter, Plaintiff continued taking his medication as prescribed and stayed in bed, but his condition did not improve. *Id.* The following Friday, November 4, 2016, Plaintiff returned to Coliseum but again did not receive significant relief. *Id.* at 3-4. Thus, on November 7, 2016, the superintendent of the Macon Transitional Center sent Plaintiff to the Medical Center of Central Georgia. *Id.* at 4. By that time, Plaintiff's pain was so bad that he could barely walk, and within a few days, Plaintiff was diagnosed with a parathyroidal adenoma. *Id.*

Defendant Dr. Macram M. Ayoub performed surgery on Plaintiff on November 11, 2016, to remove the adenoma, and three days later, Plaintiff was discharged to the medical unit at Ware State Prison.[3] *Id.* At first, Plaintiff began to feel better, but then, he became ill. *Id.* Plaintiff told the medical staff at Ware State Prison that he was sick, and he was given antibiotics and told that he would have to see the doctor before he could receive further treatment. *Id.*

Plaintiff first saw Ware State Prison's primary doctor on November 15, 2016. *Id.* On November 29, 2016, that doctor told Plaintiff that he had contracted a serious infection

---

[3]It is not entirely clear from the complaint that Dr. Ayoub may be considered a state actor for the purposes of a civil rights action. *See Hale*, 50 F.3d at 1582 (explaining that a § 1983 complaint must allege a violation by a person acting under color of state law). Nevertheless, Plaintiff alleges that Dr. Ayoub is employed by the Medical Center of Central Georgia, which Plaintiff asserts is a medical contractor for the Georgia Department of Corrections. Attach. to Am. Compl. 1-2, ECF No. 11-1. Accepting this allegation as true and construing it in Plaintiff's favor, he may have sufficiently alleged that Dr. Ayoub is a state actor to proceed past the preliminary review stage on this issue. Regardless, because this complaint is dismissed for the reasons discussed below, it is not necessary to further address whether Dr. Ayoub qualifies as a state actor for the purposes of this action.

during the surgery to remove the adenoma. *Id.* The infection was life threatening and required Plaintiff to undergo open-heart surgery. *Id.*

Plaintiff asserts that the fact that he contracted this infection demonstrates that either the medical staff who performed the surgery or the instruments they used during the surgery were not sanitary. *Id.* at 4-5. Moreover, Plaintiff asserts that Dr. Ayoub was deliberately indifferent by failing to ensure that the medical staff and instruments were completely sanitary before performing surgery. *Id.* at 5.

### A. Deliberate Indifference

A prisoner seeking to state an Eighth Amendment claim for deliberate indifference to a serious medical need must allege facts to show that he had an objectively serious medical need and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

Similarly, a prisoner seeking to state an Eighth Amendment claim for deliberate indifference to his health or safety must allege facts to show that he was exposed to an extreme condition that posed a risk to his health or safety and that the defendant was deliberately indifferent to the condition. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). An official acts with deliberate indifference when he or she "knows of

5

and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

B. <u>Dr. Ayoub</u>

Plaintiff's complaint sets forth facts showing that he had serious medical needs, first in the back pain and adenoma that required surgery to be removed, and later, in the infection that he contracted from the first surgery. With regard to these needs, however, Plaintiff has not alleged any facts showing that Dr. Ayoub, or anyone else, was deliberately indifferent. In particular, with regard to the adenoma, Dr. Ayoub treated Plaintiff by performing the surgery. And as to the infection, Plaintiff does not assert any facts suggesting that Dr. Ayoub was aware of the infection, which began producing symptoms only after Plaintiff was in the Ware State Prison medical infirmary. Thus, Plaintiff has not alleged facts to support a claim for deliberate inidifference to a serious medical need. *See Farrow*, 320 F.3d at 1243.

Moreover, to the extent that Plaintiff has attempted to state a claim for deliberate indifference to health and safety, Plaintiff does not allege any specific facts showing that he was actually exposed to an extreme condition that created a risk to his health or safety. Instead, Plaintiff merely speculates that he must have been exposed to unsanitary conditions during surgery. In this regard, Plaintiff does not even identify a specific unsanitary condition, instead surmising that it may have been the medical staff or an unsanitary instrument that caused the infection. In the absence of supporting facts, such speculative allegations are insufficient to state a claim for relief in a § 1983 action. *See Twombly*, 550 U.S. at 555 (providing tha the allegations in a complaint "must be enough

to raise a right to relief above the speculative level").

Likewise, Plaintiff's allegation that Dr. Ayoub must have been aware of any unsanitary condition prior to performing surgery or that he deliberately disregarded any such condition is similarly speculative. In this regard, Plaintiff alleges no facts showing that Dr. Ayoub was actually aware of and disregarded any unsanitary conditions. Thus, Plaintiff's allegations are not sufficient to state a claim for deliberate indifference to Plaintiff's health or safety.[4] *See id.*; *see also Twombly*, 550 U.S. at 555 (explaining that factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action").

Accordingly, for the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a claim against Dr. Ayoub, and thus, his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 31st day of August, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4]This Court makes no comment as to whether Plaintiff's allegations may be sufficient to support a state law claim for negligence or medical malpractice. Such claims, however, do not rise to the level of a federal civil rights claim without a showing of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1999) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").